UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:05CR700 HEA |
| ) | |
| MICHAEL CRUMP, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion Pursuant to Rule 35, [Doc. No. 23], which was filed on May 26, 2006. On May 30, the government filed its opposition to this motion, the Court denied the motion in a docket text order, and defendant filed his notice of appeal of the Court's Judgment and Commitment Order of May 25, 2006. The Court now enters this Order, *nunc pro tunc*, for the purpose of completeness of the record.

In his motion, defendant asks the Court to order the sentence of 180 months imprisonment to run concurrently with his remaining Missouri State Parole sentence, cause number CR 597-648FX out of Marion County, Missouri, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.

Rule 35(a) provides:

**(A) Correcting Clear Error**. Within 7 days after sentencing, the

court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Defendant does not set forth any facts establishing that the sentence imposed resulted in an arithmetical, technical or other clear error. Defendant merely "requests" that the Court order the sentence to be run concurrently. While the Court recognizes that this request would be more beneficial to defendant, the sentence imposed was not in error.

Title 18 U.S.C. § 3553 sets forth the factors to be considered in imposing a sentence. This section provides:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
>     (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>     (2) the need for the sentence imposed–
>         (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>         (B) to afford adequate deterrence to criminal conduct;
>         (C) to protect the public from further crimes of the defendant; and
>         (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>     (3) the kinds of sentences available;
>     (4) the kinds of sentences and the sentencing range

established for–
 (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
 (I) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28 United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
 (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced or
 (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28;
(5) any pertinent policy statement–
 (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28; and
 (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

The decision to run defendant's sentence consecutive to his remaining Missouri State Parole sentence was not only well within the Court's discretion, but sufficient to satisfy the outlined factors. Defendant has three prior convictions for crimes of violence or controlled substance offenses. At the time of sentencing, he was on parole for two of those offenses. Running defendant's sentence consecutive to defendant's parole sentence is consistent with Section 3553's factors: it reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords deterrence to criminal conduct, and protects the public from further crimes of defendant. As such, the Court exercised its discretion to run the sentence concurrently to the Missouri State Parole sentence and was not imposed in error.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion Pursuant to Rule 35, [Doc. 23], is denied.

Dated this 14th day of June, 2006.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE